UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON R. STANLEY,

                          Petitioner,

      -against-

WARDEN PLILER,

                         Respondent.

22-CV-9769 (ALC)

**OPINION AND ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court are Petitioner Aaron Stanley's (1) motion for expansion of the record (ECF No. 2); (2) motion to appoint pro bono counsel (ECF Nos. 4) and (3) motion to substitute Respondent's name (ECF No. 21). For the reasons stated below, Petitioner's motion for expansion of the record and motion to substitute Respondent's name are **GRANTED** and Petitioner's application for *pro bono* counsel is **DENIED** without prejudice.

## BACKGROUND

Petitioner initiated this writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") on November 15, 2022. (ECF No. 1.) Petitioner raises four grounds for relief: that (1) his conviction and sentence violated his due process rights because he was prevented from presenting newly discovered exculpatory scientific evidence supporting his actual innocence; (2) the mental health expert testimony fell below the constitutionally required standard; (3) he did not receive effective assistance of counsel; and (4) the Court of Appeals for the Armed Forces ("CAAF") based its findings on an unreasonable application of the law and erroneous factual findings. (Petition, ECF No. 1 at 7–8.) In connection with his Petition, Petitioner also filed a motion for expansion of the record (ECF No. 2), and an application for appointment of *pro bono* counsel (ECF No. 4.)

Thereafter, the Court issued an Order to Answer, directing the Respondent to file an answer or other pleadings in response to the Petition within sixty days. (ECF No. 8.) The Order to Answer also set Petitioner's deadline to respond to any motion or answer filed by Respondent. (*Id.*) Respondent sought and was granted five extensions of its deadline to answer the Petition. (ECF Nos. 11, 13, 16, 18, 20.) Petitioner filed a memorandum of law in support of his application for *pro bono* counsel (ECF No. 22), and a motion to substitute Respondent's name on July 24, 2023 (ECF No. 21). Respondent filed a memorandum in response to the Petition on August 25, 2023. (ECF No. 23.)

## DISCUSSION

### I.  Motion for Expansion of the Record

Petitioner filed a motion for expansion of the record to "include all Exhibits and Affidavits attached to his § 2241 petition and Memorandum and Brief." (ECF No. 2.) Respondent indicates that it has no objection to including the exhibits and affidavits attached to the Petition and the Petitioner's brief as part of the record. (ECF No. 23 at 1 n.2.) Accordingly, Petitioner's motion is **GRANTED**.

### II.  Motion to Substitute Respondent's Name

Petitioner asks the Court to substitute the name of Respondent W.S. Pliler with Warden J.L. Jamison, who is the current Warden of FCI Otisville, where Petitioner is incarcerated. (ECF No. 21.) Respondent does not object to this request. (ECF No. 23 at 1 n.1.) Accordingly, Petitioner's motion is **GRANTED**. *See* Fed. R. Civ. P. 25(d).

### III.  Motion for Application of *Pro Bono* Counsel

Petitioner has requested that the Court appoint him *pro bono* counsel to assist with his habeas petition. (See ECF Nos. 4, 22.)  Petitioner argues that appointment of *pro bono* counsel is warranted due to (1) Petitioner's indigency; (2) frequent closures of the law library at FCI Otisville; (3) Petitioner's limited access to his court-martial records; (4) the complexity of the legal issues in this case; and (5) Respondent's acknowledgment of the complexity of the records in this case.  (ECF No. 22 at 1–5.)

Because there is no constitutional right to representation in a habeas action, it is in the Court's discretion whether to recommend the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").  In making this discretionary determination, the Court must consider the same factors applicable to requests for *pro bono* counsel made by other civil litigants.  *See, e.g., In re Pizzuti*, No. 10-CV-0199(RJH)(HBP), 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010).

When deciding whether to assign counsel to an indigent civil litigant, the threshold inquiry is whether there is substance to the litigant's position. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *see also Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  If the Court finds that the litigant's claim is of substance, it should next consider:

> "[T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."

*Hodge*, 802 F.2d at 61-62. As the Second Circuit has explained, "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (1989).

Having reviewed the relevant factors, the Petition, and Petitioner's application, the Court concludes that appointment of *pro bono* counsel is not warranted at this stage in the case. "The Court cannot determine at this point in the litigation that Petitioner's "claim[s] [are] 'likely to be of substance.'" *Perez v. United States*, No. 1:16-CR-656-GHW-2, 2020 WL 8812829, at *1 (S.D.N.Y. June 9, 2020) (quoting *Hodge*, 802 F.2d at 61–62.) Thus, the Court will deny Petitioner's request for *pro bono* counsel without prejudice until after the Court has had the opportunity to review the Petition, Respondent's brief, and any reply filed by the Petitioner.

The Court acknowledges that Petitioner states that he "does not possess many of the documents specific to his claim", that Respondent has acknowledged the voluminous records and factual complexity of the record in this case, and that Respondent was given several extensions of his deadline to respond to the Petition. Accordingly, the Court will give Petitioner **six months** to file a reply to Respondent's opposition memorandum and direct the Respondent to provide him with a copy of all the relevant documents in this action.

## CONCLUSION

For the reasons stated above, Petitioner's application for pro bono counsel (ECF No. 4) is **DENIED** without prejudice to renewal. The motion for expansion of the record (ECF No. 2) and the motion for substitution of Respondent's name (ECF No. 21) are **GRANTED**. Petitioner's

deadline to file reply papers in response to Respondent's opposition memorandum must be filed within **six months** of the date of this Order, **March 21, 2024**.

Respondent is directed to provide the Petitioner with a copy of its memorandum in opposition to the Petition and all supporting documents and exhibits, and file proof of service of same on the docket within **seven days** of this Order.

The Clerk of Court is respectfully requested to terminate the pending motions at ECF Nos. 2, 4 and 21, terminate Respondent Pliler, and add Respondent J.L. Jamison. The Clerk of Court is also respectfully requested to mail a copy of this Order to the *pro se* Petitioner.

**SO ORDERED.**

**Dated:   September 22, 2023**
**         New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**